IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KIMARA WALLACE ET AL | § | |
| Individually and on behalf of other similarly situated individuals, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. NO. |
| RING US WIRELESS, LLC, ROBERT BOND AND LORIE SJODIN | § § § | |
| Defendants | § | |

## COMPLAINT

Plaintiffs Kimara Wallace, Lyzette Chitzi Cassie Edmonson, Chandrea Alexander and Andrew Martin, individually and on behalf of themselves and other similarly situated individuals, complaining of Defendants Ring Us Wireless, LLC, Robert Bond and Lorie Sjodin (collectively referred to as "Defendant"), would show as follows:

Parties

1. Plaintiffs and other individuals similarly situated are or have been employed by Defendant Ring Us Wireless.

2. Defendant Ring Us Wireless, LLC is a limited liability company which may be served with summons through its registered agent for service of process in Texas, Robert Bond, at 3115 Wood Lake Drive, Waco, Texas 76710. Defendants Robert Bond and Lorie Sjodin may also be served with summons at the same location.

COMPLAINT - Page 1

Jurisdiction and Venue

3. Subject matter jurisdiction of this Court over this action exists under 28 U.S.C. §1331 based on Plaintiffs' federal claim under 29 U.S.C. §201 et seq., the Fair Labor Standards Act (the "FLSA"). Venue is proper.

Facts

4. Defendant Ring Us Wireless, LLC operates a retail cellular telephone business in various cities throughout Texas, including primarily in this District, including stores in Paris, Sulphur Springs, Mount Pleasant and Athens, Texas. Defendants Robert Bond and Lorie Sjodin have authority and have conducted themselves in such a manner with respect to the operations of Defendant Ring Us Wireless, LLC that they have liability under the FLSA for overtime compensation due Plaintiffs by Defendant Ring Us Wireless as their employer.

5. Plaintiffs and other individuals similarly situated were or are employed by Defendant Ring Us Wireless, LLC as nonexempt regular full-time employees.

6. Since April 17, 2014, at the earliest, or later dates of employment of Plaintiffs with Ring Us Wireless, LLC at the latest, Plaintiffs and other individuals similarly situated were or are employed by Defendant Ring Us Wireless, LLC without being paid overtime compensation for hours worked any particular week over 40. The total of such work for which overtime compensation was due to Plaintiffs and other similarly situated individuals similarly situated who were scheduled for 40 hours per week was at least two to three hours per week. More specifically:

a. To the knowledge of Defendants, Plaintiffs and other similar individuals similarly situated were required to perform certain pre-shift duties without clocking in, primarily preparing the store for opening and performing inventory-related duties, and to perform certain post-shift

COMPLAINT - Page 2

duties after clocking out, primarily inventory-related duties and marketing events away from the locations where they worked.

b. Plaintiffs and other individuals similarly situated were not reimbursed for mileage and other automobile related expenses for performing marketing work during their shifts and marketing-related work of the post-shift kind referred to in subparagraph a.

c. As a matter of store policy, and not of discretion, Plaintiffs and other individuals similarly situated were not paid an hourly wage for a supposed lunch break even if they worked through the lunch break, which they did most of the time.

## Causes of Action

7. For first cause of action, Plaintiffs and other individuals similarly situated would show that Defendants are liable under Section 216(b) of the FLSA for overtime compensation due but not paid in violation of Section 207(a)(1) of the FLSA, liquidated damages, prejudgment interest and attorneys' fees and expenses and costs of court.

8. Plaintiffs and other similarly situated individuals are entitled to recover damages not only for the period of the otherwise applicable statutes of limitation, but for the entire period specified in paragraphs 4 through 8, as the conduct of Defendants continued over time, and Plaintiffs and other similarly situated individuals reasonably have feared or continue to fear reprisal for complaining about such requirements and it would have been unreasonable to expect Plaintiffs to sue separately on each instance of actionable conduct. Further, Defendants sought to hide the fact that its conduct was actionable.

## Representative Action Allegations

9. With respect to the cause of action referred to in paragraph 9, this civil action is maintainable as a representative action pursuant to Section 216(b) of the FLSA because Plaintiffs

are similarly situated to others who were subject to the conduct of Defendants referred to in paragraphs 4 through 8, and who, upon the giving of notice, are entitled to intervene as Plaintiffs to seek the relief to which they are entitled based on the cause of action referred to in paragraph 9.

10. Pursuant to 29 U.S.C. §216(b), Plaintiffs and, in addition, certain other individuals who have been employed by Defendant Ring Us Wireless, LLC have filed or will file consents with respect to their claims under the FLSA.

14. Plaintiffs demand a jury.

WHEREFORE, Plaintiffs pray for all relief to which they are entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0831
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFFSS